UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 9:15-cr-80055-ROSENBERG

UNITED STATES OF AMERICA,

    Plaintiff,

v.

RYAN BLAKE POST,

    Defendant.

_____/

**ORDER DENYING MOTION TO REDUCE SENTENCE**

This cause comes before the Court upon Defendant Ryan Blake Post's Motion to Reduce Sentence.  DE 396.  On January 19, 2016, the Court imposed a 130-month sentence for conspiracy to possess with intent to distribute five kilograms or more of cocaine.  DE 270.  Post now seeks a reduction of that sentence under 18 U.S.C. § 3582(c)(1)(A)(i).  DE 396.  The Court has carefully reviewed the Motion, the Government's Response thereto [DE 398], and the record and is otherwise fully advised in the premises.

Once a sentence of imprisonment is imposed, a court's authority to modify the sentence is narrowly limited by statute.  *United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th Cir. 2010). Under § 3582(c)(1)(A), a court may modify a term of imprisonment

> upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

18 U.S.C. § 3582(c)(1)(A). The court may reduce the term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." *Id.* In making the decision whether to reduce the term of imprisonment, the court must also consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable. *Id.*

Application note 1 to U.S.S.G. § 1B1.13 provides a list of circumstances in which "extraordinary and compelling reasons" warranting a sentence reduction may exist. *See* U.S.S.G. § 1B1.13 (policy statement), application note 1. Extraordinary and compelling reasons may exist where a defendant is suffering from a certain type of medical condition or illness. *See id.* § 1B1.13, application note 1(A), (B). Extraordinary and compelling reasons may exist following the "death or incapacitation of the caregiver of the defendant's minor child or minor children" or following the "incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." *Id.* § 1B1.13, application note 1(C). Finally, extraordinary and compelling reasons may exist if, "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* § 1B1.13, application note 1(D).

As an initial matter, Post contends that more than 30 days have elapsed since he made a request for a sentence reduction to the warden of the prison in which he is located. DE 396 at 3. He provides no documentation evidencing his request, however, and the Government thus argues that he has not carried his burden to prove that he exhausted administrate remedies before the Bureau of Prisons prior to filing his Motion with the Court. DE 398 at 6-8. The Government has

2

not cited to any binding precedent, and the Court has discovered none, holding that a defendant bears the burden of producing evidence to prove that he exhausted administrative remedies under § 3582(c)(1)(A). The Court recognizes that district courts in other parts of the country have stated that defendants moving for sentence reductions under § 3582(c)(1)(A) bear the burden of demonstrating exhaustion. *See, e.g.*, *United States v. Cassidy*, No. 17-CR-116S, 2020 WL 1969303, *2 (W.D. N.Y. Apr. 24, 2020). And the Eleventh Circuit has stated that defendants bear the burden of proof to show eligibility for sentence reductions under a different subsection of § 3582(c), that is, § 3582(c)(2) relating to a sentence reduction based on a Sentencing Guidelines amendment. *See, e.g.*, *United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013) ("And a defendant, as the § 3582(c)(2) movant, bears the burden of establishing that a retroactive amendment has actually lowered his guidelines range in his case.").

The Court need not resolve the questions of whether Post bears the burden of proving that he exhausted administrative remedies and, if he does bear such a burden, what evidence he must supply to carry that burden. Even if Post exhausted his administrative remedies before the Bureau of Prisons prior to turning to this Court for relief, the Court concludes that a sentence reduction is inappropriate under the circumstances of this case.

As bases for a sentence reduction, Post asserts that law enforcement entrapped him into participation in the conspiracy and that he committed no crime. He was a drug addict and therefore was easily influenced. Before being sent to prison, he had a job and was a member of a church and his community. He had never been violent. He has two daughters and an elderly mother. He has served approximately half of his sentence and feels that he has been adequately punished. He understands the consequences of his actions and will not break the law in the future.

The Court is sympathetic to the personal circumstances that Post describes in his Motion and commends him for the classes that he has completed and the steps that he has taken to better himself while in prison. However, he has provided no extraordinary and compelling reason, as defined under the law, that justifies a sentence reduction. He has pointed to no illness, medical condition, or any other factor that meets the definition of an extraordinary and compelling reason. *See* U.S.S.G. § 1B1.13.

The Court has also considered the sentencing factors in § 3553(a) and concludes that a sentence reduction is not warranted in light of those factors. *See* 18 U.S.C. § 3553(a); *see also* 18 U.S.C. § 3582(c)(1)(A) (requiring a court to consider the § 3553(a) factors when determining whether to reduce a sentence). The Court notes that much of the information that Post provides in his Motion was before the Court at the time of his sentencing. The 130-month sentence that the Court imposed represented a significant variance from the guideline range of 188 to 235 months. The Court concluded that a sentence below the 140 months that one of Post's co-defendants received, but above the 120-month statutory mandatory minimum sentence, was an appropriate sentence.

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant Ryan Blake Post's Motion to Reduce Sentence [DE 396] is **DENIED**.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 29th day of April, 2020.

/s/ Robin L. Rosenberg
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to: Defendant; Counsel of Record