**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 9:15-cr-80055-ROSENBERG**

UNITED STATES OF AMERICA,

     Plaintiff,

v.

RYAN BLAKE POST,

     Defendant.

                        /

## ORDER DENYING MOTION FOR COMPASSIONATE RELEASE

This cause comes before the Court upon Defendant Ryan Blake Post's ("Post") Motion for Compassionate Release under 18 U.S.C. § 3582(c)(1)(A)(i). DE 423. Post is presently confined at FCI Miami serving a 130-month sentence for conspiracy to possess with intent to distribute five kilograms or more of cocaine. *See* DE 270. The Court has carefully reviewed his Motion for Compassionate Release and the record and is otherwise fully advised in the premises. For the reasons set forth below, the Motion for Compassionate Release is denied without prejudice.

### I. LEGAL STANDARD

Once a court imposes a sentence of imprisonment, the court's authority to modify the sentence is narrowly limited by statute. *United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th Cir. 2010). Under 18 U.S.C. § 3582(c)(1)(A), a court may modify a term of imprisonment

> upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

18 U.S.C. § 3582(c)(1)(A).   A court may reduce a term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."   *Id.*   In making the decision whether to reduce the term of imprisonment, the court must also consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable.   *Id.*   The defendant bears the burden of establishing that a reduction of sentence is warranted.   *United States v. Hamilton*, 715 F.3d 328, 337 (11th Cir. 2013).

U.S.S.G § 1B1.13 is an applicable policy statement by the Sentencing Commission that governs all motions for release under § 3582(c)(1)(A).   *United States v. Bryant*, 996 F.3d 1243, 1262 (11th Cir. 2021), *petition for cert. filed*, No. 20-1732 (June 10, 2021).   A court may not reduce a sentence under § 3582(c)(1)(A) unless reduction is consistent with § 1B1.13 and may not develop reasons other than those contained in § 1B1.13 to justify the reduction of a sentence.   *Id.* at 1248, 1262.

U.S.S.G. § 1B1.13 provides four circumstances under which extraordinary and compelling reasons warranting a sentence reduction exist.   *See* U.S.S.G. § 1B1.13 (policy statement), application note 1.   First, an extraordinary and compelling reason may exist based on the medical condition of the defendant when the defendant is "suffering from a terminal illness" or is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover."   *Id.* § 1B1.13, application note 1(A).   Second, the age of the defendant may qualify as an extraordinary and compelling reason if the defendant "(i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the

2

aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." *Id.* § 1B1.13, application note 1(B).  Third, family circumstances may qualify as an extraordinary and compelling reason when the caregiver of the defendant's minor child or children dies or becomes incapacitated or when the defendant's spouse or registered partner is incapacitated and the defendant is the only available caregiver for the spouse or registered partner. *Id.* § 1B1.13, application note 1(C).  Fourth and finally, an extraordinary and compelling reason may be present when the Director of the Bureau of Prisons determines that such a reason exists "other than, or in combination with, the reasons described in subdivisions (A) through (C)." *Id.* § 1B1.13, application note 1(D).

## II.  DISCUSSION[1]

Post cites the COVID-19 pandemic and the effect that it has had on his prison living conditions as the extraordinary and compelling reasons warranting a reduction of his sentence.  He states that he and other inmates at his facility previously contracted COVID-19 and that "the only remedy was cold medicine, poor ventilation, confined space, lack of tests and officers with the virus in our personal space."  DE 423 at 3.

Post has not shown that he is entitled to compassionate release under U.S.S.G. § 1B1.13, application note 1(A).  He does not argue that he is presently suffering from any terminal illness or serious physical or medical condition from which he is not expected to recover that substantially diminishes his ability to provide self-care within the prison environment.  He does not contend that he is currently suffering from COVID-19 or any other medical condition.  And Post does not provide any other reason falling within the application note to § 1B1.13 that could justify a grant

---

[1] The Court does not decide whether Post adequately exhausted administrative remedies as required under 18 U.S.C. § 3582(c)(1)(A) because, even if he did so, he has nevertheless failed to show his eligibility for the relief he seeks.

of compassionate release. Thus, the Court cannot find extraordinary and compelling reasons warranting a grant of his Motion for Compassionate Release. *See Bryant*, 996 F.3d at 1262. While the Court is sympathetic to the challenges that Post faces while he is incarcerated and to his concerns regarding COVID-19, he has not demonstrated eligibility for compassionate release under the law.

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant Ryan Blake Post's Motion for Compassionate Release [DE 423] is **DENIED WITHOUT PREJUDICE**.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 3rd day of December, 2021.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to: Defendant; Counsel of Record