UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO: 15-CR-80055-ROSENBERG

UNITED STATES OF AMERICA,

   *Plaintiff,*

VS.

RYAN BLAKE POST,

   *Defendant.*
_____/

**ORDER GRANTING MOTION FOR EARLY
TERMINATION OF SUPERVISED RELEASE**

**THIS MATTER** is before the Court upon Defendant Ryan Blake Post's Motion for Early Termination of Supervised Release [DE 453] and his Motion to Modify Probation Travel [DE 455]. The Court has reviewed Defendant's motions, the Government's responses [DE 454, 458], and the record. For the following reasons, Defendant Post's Motion for Early Termination of Supervised Release is **GRANTED** and all other motions are **DENIED AS MOOT**.

On October 21, 2015, Defendant Ryan Blake Post pled guilty to Conspiracy to Possess with Intent to Distribute Five Kilograms or More of a Mixture and Substance Containing Cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. DE 158, 1. Then, on January 19, 2016, he was sentenced to 130 months' imprisonment to be followed by five years of supervised release. DE 269. Defendant was released from the Bureau of Prisons on June 26, 2023, and commenced his five-year term of supervised release. By March 12, 2025, the date that Defendant filed his Motion for Early Termination of Supervised Release, he completed approximately twenty-one months of his sixty-month term of supervised release.

A defendant becomes eligible for early termination of supervised release after one year of supervision. 18 U.S.C. § 3583(e)(1). A district court may grant early termination if, after considering the factors set forth in 18 U.S.C. § 3553(a), "it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." *Id*. Among the § 3553(a) factors are the following considerations: "the nature and circumstances of the offense and the history and characteristics of the defendant; the need for deterrence, to protect the public, and to provide correctional treatment for the defendant; the advisory Sentencing Guidelines and pertinent U.S. Sentencing Commission policy statements; the need to avoid unwarranted sentencing disparities; and the need to provide restitution to any victims of the offense." *United States v. Cochran*, 815 F. App'x 361, 363 (11th Cir. 2020); 18 U.S.C. § 3553(a). Although a court's order must demonstrate that these factors were considered, it need not explain how each factor specifically applied or explicitly state how each one factored into the analysis. *United States v. Johnson*, 877 F.3d 993, 998 (11th Cir. 2017). In addition to the factors set out in § 3553(a), a district court may consider other factors such as a defendant's employment history and financial status. *See United States v. Perry*, 397 F. App'x 521, 522 (11th Cir. 2010).

Here, Defendant is eligible for early termination of supervised release because he has completed at least one year of supervised release. Moreover, the Court finds that early termination of supervised release is warranted based on the relevant § 3553(a) factors, Defendant's steady employment, and the interests of justice.

First, the nature and circumstances of the offense, as well as the Defendant's history and characteristics, support early termination of supervised release under § 3553(a)(1). Although Defendant pled guilty to Conspiracy with Intent to Distribute, his underlying conduct also resulted in an indictment for using and carrying firearms in furtherance of, and during the commission of,

a crime of violence and a drug trafficking offense. However, Defendant's conduct during incarceration and following release outweighs his past negative conduct.

For example, the PSI reports that Defendant engaged in substance abuse before his arrest at age twenty-seven, including daily use of marijuana and cocaine. DE 262. However, Defendant is now thirty-seven years old and has passed all drug tests in the twenty-one months since the start of his term of supervised release. DE 454. Considering that he also maintained sobriety during approximately ninety months of incarceration, Defendant has now been drug-free for at least one hundred eleven months. Additionally, while incarcerated, Defendant had only one disciplinary incident which involved possessing an unauthorized item in his cell. He is classified as a low to moderate risk of reoffending meaning his U.S. Probation Officer only meets with him once every three months. Thus, Defendant's sustained departure from drug-related activity, compliance with his terms of incarceration and supervised release, and low risk of reoffending all weigh in favor of early termination of supervised release and outweigh his past conduct.

Second, the need to afford adequate deterrence to criminal conduct weighs in favor of early termination of supervised release. Both the Government and this Court acknowledge that Defendant's transition from drug use is commendable. This shift, coupled with the absence of misconduct since his release, indicates that the Defendant has been sufficiently deterred from further criminal conduct.

Third, Defendant has maintained stable employment and rents a home, demonstrating he has steady income. Consistent employment history and financial security further support early termination of supervised release. *Perry*, 397 F. App'x at 522.

Defendant notes that his primary reason for seeking early termination is to be able to travel outside the Southern District of Florida to visit his daughters in Jacksonville without the need for

3

advance planning. He explains that he "would love to be able to just spur of the moment on weekends just go pop in on them or take them places and not have to plan it two weeks in advance and check in beforehand." DE 453.

While this objective could be achieved by granting the Motion to Modify Probation, the Court finds that granting Defendant's Motion for Early Termination of Supervised Release more fully serves the interests of justice. Defendant has demonstrated strong development of character, has been deterred from further criminal conduct, has stable employment, and has articulated a sincere desire to strengthen his relationship with his daughters. Thus, consistent with 18 U.S.C. § 3583(e)(1), the Court has considered the factors in 18 U.S.C. § 3553(a) and finds that the Defendant's history and conduct, satisfaction of adequate deterrence, stable employment, and interests of justice warrant early termination of supervised release. 18 U.S.C. § 3583(e)(1).

Based on the foregoing, it is **ORDERED AND ADJUDGED** that the Defendant Post's Motion for Early Termination of Supervised Release [DE 595] is **GRANTED**. All other pending motions are **DENIED** as moot.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 2nd day of July, 2025.

_____
ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record